Michael L. Greenwald (*to seek admission pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
(561) 961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Panvini, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Select Home Warranty LLC<br><br>Defendant.<br>_____ | Civil Action No.:<br><br>Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

**Nature of this Action**

1.  Joseph Panvini ("Plaintiff") brings this class action against Select Home Warranty LLC ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

    It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any ATDS or an artificial or prerecorded voice—

    \*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system ("ATDS") to place calls, and by delivering artificial or prerecorded voice messages, to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it (a) continues placing calls after being instructed to stop calling and (b) places calls in an effort to solicit new business after consumers' service contracts expire.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district, and as Defendant transacts business in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Phoenix, Arizona.

7. Defendant is a limited liability company based in Mahwah, New Jersey.

8. Defendant offers home service contracts.

9. To that end, Defendant explains its services as follows:

2

When a covered breakdown affects your home, instead of paying repair costs out of pocket or diving into your savings account, you'll be able to fix it for less.

Our home warranty plans cover many parts of your home, from the most common appliances to central home systems. Homeowners shouldn't have to stress over repairing essential appliances such as water heaters, air conditioners, ovens, and refrigerators. Through home warranty coverage, when these core appliances and systems need repair or replacement, Select Home Warranty will send a qualified service professional to take care of it.

Since 2012, Select Home Warranty's team of over 75 professionals have worked to ensure homes across the country are protected. Our network of qualified service providers also works diligently to meet the needs of our growing customer base. We're proud that so many families have selected us as their home warranty provider of choice.[1]

**Factual Allegations**

10. In October 2015, Plaintiff entered into a policy holder agreement with Defendant.

11. Plaintiff's policy had a two-year contract term, expiring in October 2017.

12. In August 2016, Plaintiff entered into a new policy holder agreement with Defendant, expiring on October 20, 2018.

13. Plaintiff did not further renew his agreement with Defendant, nor did he enter into any other agreement with Defendant.

14. As a result, Plaintiff's relationship with Defendant ended on October 20, 2018.

15. Since October 20, 2018, Plaintiff has not had any business relationship with Defendant.

---

[1] https://selecthomewarranty.com/ (last visited Feb. 11, 2019).

16. In approximately August 2018, Defendant began placing telephone calls to Plaintiff's cellular telephone number—(914)-XXX-3368—for the purpose of soliciting new business from Plaintiff.

17. Plaintiff is the subscriber to, customary user of, and pays the monthly bill for, his cellular telephone number ending in -3368.

18. Defendant placed its calls to Plaintiff's cellular telephone number from (317) 754-6649 and (855) 267-3532—telephone numbers assigned to Defendant.

19. On August 7, 2018, Defendant called Plaintiff's cellular telephone number.

20. Plaintiff answered Defendant's August 7, 2018 call, and was greeted by a noticeable delay before a male representative picked up the call.

21. Plaintiff was then placed on hold and transferred to different one of Defendant's representatives.

22. During the August 7, 2018 call, Defendant's representative attempted to convince Plaintiff to renew his coverage with Defendant or otherwise enter into a new policy with Defendant.

23. Plaintiff informed Defendant that he was not in position to renew his policy and instructed Defendant to take his number off its autodialer and not call him again.

24. Despite Plaintiff's instruction, Defendant continued to place calls to Plaintiff's cellular telephone number, including on August 9, 2018, August 10, 2018, August 14, 2018, August 16, 2018, August 22, 2018, August 24, 2018, August 27, 2018, August 29, 2018, September 3, 2018, September 4, 2018, twice on September 6, 2018, September 13, 2018, September 17, 2018, September 27, 2018, October 4, 2018, October 9, 2018, October 10, 2018, twice on October 16, 2018, and October 18, 2018.

25. On October 20, 2018, Plaintiff's policy term expired, thereby ending Plaintiff's relationship with Defendant.

26. Notwithstanding the expiration of Plaintiff's policy and his instruction that Defendant not call his cellular telephone number, Defendant continued placing calls to Plaintiff's cellular telephone number.

27. Specifically, Defendant placed calls to Plaintiff's cellular telephone number on October 22, 2018, October 24, 2018, October 30, 2018, October 31, 2018, November 2, 2018, November 6, 2018, November 7, 2018, November 13, 2018, November 16, 2018, November 20, 2018, December 4, 2018, January 15, 2019, February 5, 2019, and February 8, 2019.

28. Plaintiff answered Defendant's November 13, 2018 call, and was greeted by a prerecorded voice message to the effect of, "Hi, this is Select Home Warranty…"

29. In addition, Defendant left a host of prerecorded voice messages on Plaintiff's cellular telephone.

30. By way of example, on December 4, 2018, Plaintiff left a prerecorded voice message on Plaintiff's cellular telephone that stated: "Hi, this is Select Home Warranty calling. Please call us back at 855-267-3532."

31. Defendant left materially identical prerecorded voice messages on Plaintiff's cellular telephone on October 22, 2018, October 24, 2018, October 30, 2018, October 31, 2018, November 2, 2018, November 6, 2018, November 7, 2018, November 16, 2018, November 20, 2018, January 15, 2019, February 5, 2019, and February 8, 2019.

32. Upon information and good faith belief, Defendant's records will show each call it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

33. Defendant states on its website that it contacts prospective customers "using automated technology."[2]

34. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

35. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity to store numbers to be called, and to dial such numbers.

36. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

37. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

38. Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

---

[2] https://selecthomewarranty.com/ (last visited Feb. 11, 2019).

39. Defendant had knowledge that it was using an automatic telephone dialing system, a predictive dialer, and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

40. Defendant intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

41. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

42. Plaintiff suffered actual harm as a result Defendant's calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

43. As well, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line.

44. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

45. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

> Revocation Class: All persons and entities throughout the United States: (1) to whom Select Home Warranty LLC placed, or caused to be placed, at least one call, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from four years preceding the date of this complaint through the date of class certification, (5) after Select Home Warranty LLC was instructed to stop placing calls to his or her telephone number.

7

> Expired Policy Class: All persons and entities throughout the United States: (1) to whom Select Home Warranty LLC placed, or caused to be placed, at least one call, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from four years preceding the date of this complaint through the date of class certification, (5) for the purpose of soliciting new business after his or her policy with Select Home Warranty LLC expired.

46. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

47. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

48. The exact number of members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

49. The proposed classes are defined by reference to objective criteria.

50. In addition, and upon information and belief, the names, addresses, and cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

51. Plaintiff's claims are typical of the claims of the members of the Revocation Class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

52. Plaintiff and members of the Revocation Class received calls made using an ATDS or an artificial or prerecorded voice, from Defendant, without consent, on their cellular telephone, in violation of 47 U.S.C. § 227.

8

53. Plaintiff's claims are typical of the claims of the members of the Expired Policy Class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

54. Plaintiff and members of the Expired Policy Class received calls made using an ATDS or an artificial or prerecorded voice, from Defendant, without consent, on their cellular telephone, in violation of 47 U.S.C. § 227.

55. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

56. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes that he seeks to represent.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

58. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

59. There will be little difficulty in the management of this action as a class action.

60. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

61. Among the issues of law and fact common to the classes are:

a. Defendant's violations of the TCPA;

b. Defendant's use of an artificial or prerecorded voice in connection with placing calls to cellular telephone numbers;

c. Defendant's use of an ATDS in connection with placing calls to cellular telephone numbers;

d. Defendant's practice of calling cellular telephone numbers after being instructed to stop doing so (Revocation Class);

e. Defendant's practice of calling cellular telephone numbers to solicit new business from former customers after their policies expire (Expired Policy Class); and

f. The availability of statutory damages.

62. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls utilizing an artificial or prerecorded voice to Plaintiff's cellular telephone number after October 20, 2018, without his consent.

65. Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cellular telephone number using an ATDS after October 20, 2018, without his consent.

66. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the classes are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed classes without prior express consent;

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: February 11, 2019          Respectfully submitted,

*/s/ Michael L. Greenwald*
Michael L. Greenwald*
Greenwald Davidson Radbil PLLC

* to seek admission *pro hac vice*